UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS M. HOOK,

    Plaintiff,

v.                                                CASE NO. 8:16-cv-1345-T-23TBM

POLK COUNTY SHERIFF'S DEP'T, *et al.*,

    Defendants.
_____/

## **O R D E R**

Hook's complaint alleges that the defendants violated his civil rights by not providing his reasonable access to legal research materials and reasonable legal writing supplies. An earlier order grants Hook leave to proceed *in forma pauperis*. (Doc. 6) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Hook complains that, while detained in the Polk County jail, the defendants are denying him both access to a law library and reasonable quantities of writing

materials and postage.  Hook attaches an order from the Circuit Court of the Tenth Judicial Circuit that both grants his "Motion for Access to Law Library for Legal Research, Copies and Legal Mail and Supplies" and orders that he "is entitled to access to his legal mail and the jail law library as it is available."

Hook's Section 1983 civil rights complaint alleges that the defendants are denying him reasonable access to the courts.  A confined individual must have both "meaningful access to the courts," *Bounds v. Smith*, 430 U.S. 817, 823 (1977), and "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.  But it is that capability, rather than the capability of turning pages in a law library, that is the touchstone."  *Lewis v. Casey*, 518 U.S. 343, 357 (1996).  As a consequence, a detainee's access to the courts must be reasonable — not unfettered — and physical access to "turn pages in a law library" is not required.  To state a claim of denial of access to the courts, Hook must show that he has incurred an "actual injury."  This requirement of an actual injury derives from the constitutional requirement that a claimant have standing to sue.

> [A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense. That would be the precise analogue of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," *Bounds*, 430 U.S. at 823, 97 S. Ct. at 1495, and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

Casey, 518 U.S. at 351.  *Accord Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998) (A plaintiff raising an access to the courts claim "must show actual injury before seeking relief.").  To prevail on an "access to the courts" claim, Hook must show that the defendants' conduct is precluding his pursing a non-frivolous direct appeal, a collateral attack on a sentence, or a challenge to conditions of confinement. *Wilson v. Blankenship*, 163 F.3d at 1290.

Hook fails to meet the "actual injury" requirement to assert a Section 1983 claim of denial of access to the courts.  Hook must seek enforcement of the order from the Tenth Judicial Circuit from the issuing state court, not from a federal court in a separate civil rights action.

Accordingly, the civil rights complaint is **DISMISSED**.  The clerk must enter a judgment against Hook and close this case.

ORDERED in Tampa, Florida, on August 2, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE